Good morning, Your Honor. In future court, I'm John Goldsbrough, a Philadelphia Assistant District Attorney representing the Commonwealth of Columbus. May I please reserve two minutes for rebuttal? Granted. Thank you, Your Honors. Your Honors, I think here what we have is not all that complex a case, although it has an unusual history. What we have is a bad guy who lured three victims to their deaths with a heavy weapons transaction that was fake. There were heavy weapons involved. I mean, the facts of this case sound like the repeated actions that I know of. You want to join the gang and go out and murder somebody to show that you deserve to be in the gang. That's right. That's exactly right. And in addition, preying on other drug dealers by luring them in with fake illegal arms transactions. He held these victims at gunpoint and he continued in the heavy weapons transactions after that. Then we have a bad case coming down during direct appeal when that issue was waived. The Basch case goes directly against Turkett. You mean bad in the sense that it wasn't favorable to the Commonwealth or not? In any other way, right? Well, I mean it in both senses. I think the Pennsylvania Supreme Court has made it clear since then that they're not proud. This was not the court's finest moment. Two of the justices sat and looked away from it. They made it real clear that it applies to people like Mr. Wilson. Absolutely. That's correct. We're stuck with it. It's precisely the same principle that is involved in RICO. That's correct. I mean, so why is that bad? I mean, we're used to that in the federal cases. It has to be. The whole point of RICO and of the Pennsylvania statute is they want to get an illegitimate corporation, corporations, companies, entities that infiltrate into legitimate ones and give the aura of being legitimacy. What's wrong with the Pennsylvania Supreme Court saying we're going to apply that? It goes against the plain language of the statute as all of the courts looking at it agree. But we're bound by it and you are bound by it and the only question before us is and the judge would obviously have to withdraw that count. Isn't the issue before us whether the evidence that came in for that offense adversely affected your client's conviction on the three murders? Yes, although of course my client being the commonwealth. I'm sorry. I'm getting the other way. Yes, and I think that is the essential issue. That's the bottom line. We're used to having the defendant first. Yes, I understand. And here we have, I think, a bad ruling below which means that I'm first. You don't think bad ruling. You might mean one that's adverse to your position. I mean that Jack McMahon was clearly not ineffective here both on the reasonable performance prong and on the prejudice prong and the state courts have found as to both on that. And the district court ignored both of those rulings. It didn't even acknowledge that it doesn't make any difference. That's correct. What we're talking about here is the admissibility. Admissibility of that evidence. If the evidence was independently admissible, absolutely. That's from the commonwealth's perspective whether Jack McMahon is a terrific lawyer or in this instance fell below is irrelevant. It's admissibility. Now let me ask you this. In the co-defendant's case, Williams' case, I understood that the Pennsylvania Supreme Court said, look, record's here muddy enough that we're sending it back for some fact finding. We're not going to make an independent judgment about whether this can stand independently. I think that your position is that Wilson's case is different in a way that makes it appropriate for us to say even though this wasn't ruled on by the state court, there's enough of an indication of what the court was going to do that you can go ahead and make a ruling right now. What is it that makes this case so different from Williams that we should instead of sending it in effect, returning it to the commonwealth court, we should go ahead and rule and say, oh yeah, yeah, that was independently admissible? Yes, your honor. I think that focusing on Williams' defense at trial here is key. First of all, there were different charges against all the defendants, as I'm sure you're aware from the briefs, as well as the jury being instructed very clearly not to consider certain evidence against certain defendants. So it was a very precise set of jury instructions here in charges. Wilson's defense was that he wasn't involved at all and that there was only one witness who showed that he was involved. This James White, he was a member of the gang and his credibility was attacked by all three co-defendants. But as to this co-defendant, as to Wilson, there was corroborating evidence and that corroborating evidence was the testimony of his uncle that both Christopher Williams and Theophilus Wilson, or Biggie as he was known, had performed illegal arms transactions using him as a straw buyer. And then that he, after being found out by the ATF, that he set up this subsequent ATF transaction. So that was corroboration of his involvement. As to the other co-defendants... I understand that that's your legal theory. I've got that. What I'm trying to get at, maybe ask this inartfully, is you acknowledge in your briefing that this was not something, that is the independent admissibility of this evidence, was nothing that the state court ever directly ruled on, right? I disagree with that actually, Your Honor. I think that there is an argument. I think my opponent makes the argument that it was not ruled on. Our argument is this... Judge Jordan asked to... Yeah. Why don't you tell us where the court ruled on that, to respond to Judge Jordan? What was ruled on specifically, and this is in the appendix, during direct appeal, the question was asked, and Judge McMahon did raise this, why is this evidence of a subsequent crime admissible when it, in his view, did not go directly to the murders at issue? And both the trial court and the superior court ruled that it was not only on corrupt organization's grounds, but also on grounds of conspiracy and relevance to motive for the murder and the continuing story. Well, of course, the other side says those comments were made in the context of the Little Rico determination, and this is your language. From your reply brief, page six, quote, the state courts have never specifically had the opportunity to rule on whether the evidence used to show PACOA would have been admissible against Wilson had the PACOA charge not been part of the case, unquote. That's correct. Okay, so... I think there's a fine line there. That's what I said before. If you say the state courts never had the opportunity to rule on this, then... The question wasn't squarely before them, but they did rule on a very closely related question that I think carries over. Well, you've got to tell us where in the appendix. I have the appendix. Oh, yes, Your Honor. The trial court found it admissible at A108. The superior court found it admissible at A114, or at least starting with those pages. A108. Yes. I'm sorry. Are you the appendix? Or my appendix. Am I in the same case? Sorry, go ahead. Yes. I have two different appendix. By relating it to different charges, not just the corrupt organizations, and by citing the case of Commonwealth v. Murphy, which specifically had that question before it, I think that there's an argument to be made that they did rule on it, but it's correct that they did. I understand your argument and the record is. We would have to say that the comments, which are quoted at length in your opponent's brief, in fact, are clear enough to permit us to say that this was, even if not the precise issue that we're talking about now, it was they commented while speaking to another issue in a way that answers this question. Yes, you are. That's correct. And that the fair reading of what they said is this goes to murder motive, this goes to conspiracy, and not just the little Rico. Exactly. And I think also this court can certainly just rule on the basis of state law itself that it also goes to identity. Just given this defendant's defense that he wasn't involved at all, that there was only one person as a federal habeas court, or do we, does the state court have to do that? Well, your honor, I think that it's clear on the basis of state law, but if this court were to find that it's not clear on the basis of state law, there is another option that we didn't explicitly mentioned in our briefs, but that I think would be appropriate, which is Yes, the court in both McKeever and Dickerson took this course saying, well, the bridge should be issued on this issue, and there should be a new trial unless the state court finds the evidence admissible, in which case it should only vacate that one conviction. Now, you're the state lawyer, help me procedurally. Obviously, Wilson's conviction under the PCOA cap has to be vacated in some way. That's correct. Technically, how do we do that? By granting the writ and telling the state court to do it, or can we do it? How does that work? Certainly, I think it's the former, your honor. We can just say it's obvious that he can't be, we have to vacate that count. Well, I think the state court has to vacate that count. Okay, so we have to grant the writ and send it back to the state. Now, if we're doing that, why shouldn't we ask the state to decide about the admissibility of the evidence? Exactly, I agree that that could well be done and should be done if the court doesn't believe that it's clear on the basis of state law itself. On the basis of what the Supreme Court said in Williams? Yes, your honor, and simply on the basis of state evidentiary law, which is well established and on the basis of the evidence in this case. Isn't what the court said in Williams closer than general state evidentiary law? Certainly, it is. It's the same case, it's the evidence. Well, it's almost the same evidence. Only two of the seven categories of evidence they were considering the admissibility of apply here. The only two categories are the testimony of his uncle, Lee, and the testimony of the ATF agent. There were many other categories that applied to Williams, but the jury was instructed not to consider them against Wilson. Yeah, counsel, I have a question. It's not clear to me from the briefs, either set. What was said to the trial court with reference to the admissibility of this evidence of other crimes, as to the murder, as to the robbery, as to the conspiracy, was an offer of proof made by the prosecution that it was admissible for those crimes? At the time that that argument was made to the jury, but it was not made to the trial court. No offer of proof was made for that. The discussions on the sidebar were confined to the corrupt organizations aspect of the admissibility. However, in the closing argument, the prosecutor argued that this was corroborating evidence to show that James White was not lying, which was the primary defense. So are you saying that the trial court never made a ruling that this evidence was admissible, this other crimes evidence, as to the murder, the conspiracy, and the robbery? I think the trial court's ruling letting it in was made on the basis of the evidence at trial. I don't think the trial court articulated specifically why it was permitting it. I'm really curious as to whether the prosecution articulated that this evidence was admissible to prove the murder, robbery, conspiracy. Yes, at the time, I don't believe to the trial court. No, I could certainly, I'd be glad to go through the record. And isn't that required in the Pennsylvania law? That other crimes evidence must be introduced for intent, motive, and so forth. It's a situation where, again, a statute is held, a substantive criminal law statute is held to mean something different than binding case law at the time would have appeared it held. And so the argument was not made. Maybe I wandered. The argument that the evidence was admissible on grounds other than the Corrupt Organizations Act, I believe was not made. And again, I'd be glad to look, but I believe it wasn't made because there was no reason to make it since at the time, everybody believed and the superior court had did cover fully illegal gangs. It was only after the trial that this Pennsylvania Supreme Court held that it didn't. So you're telling me then that the government or the prosecution did not offer this other crimes evidence to prove conspiracy murder and robbery, prove his identity, his intent in committing those crimes. I'm not saying that. It sounds like you are. I did say that they argued that, that we argued that. I'm talking about the duty of a trial court to listen to you to say, I want to offer other crimes evidence for this purpose. That never occurred? As far as I know, again, I'd be glad to look through the record again, but I do not believe there was a sidebar discussion of that or an explicit discussion of that. I believe that the basis for its admissibility in the argument of that issue simply with the Organizations Act. But I guess what I'm adding is I don't think under the circumstances of the time of what everybody believed the law was at the time, that should be held against us. Well, at a minimum, I'm sorry. No, go ahead. At a minimum then, wouldn't that dictate that rather than assuming the record here was sufficient to support those other convictions, that that's something that the state courts ought to be talking about instead of us? Absolutely. Which is why we have asked for that. I guess what I'm saying is it's fairly ... There are several options. I see my time is up. I can continue. No, no. You're on our time. Thank you, Your Honor. Will you answer our questions? Yes. Yes. The remedy here, I think perhaps, I want to apologize for this. I wasn't as clear as I could have been in the briefs, but we have several positions as to the remedy. Of course, first is if the court agrees with us that the state courts have already ruled on this question, then it's a fairly clear thing that we know that only the Corrupt Organizations Act conviction has to be ... Can I stop you there just for a minute? Yes. Do you agree with Judge Alarcon's statement that Pennsylvania law requires that it be offered in connection with, in this case, it would be the murders, et cetera? That's the way you put the question, isn't it, Art? Yes. Doesn't the Pennsylvania law, similar to the federal law, preclude other crimes evidence unless it is offered for intent, motive, identity, and so forth? That's correct. That discussion was not, as far as I can recall, particularly precise on the record. However, I know that it focused on the Corrupt Organizations Act charges. Okay. Then I interrupted you. You were telling us the various options that we have. The first remedy, if the court agrees with us that the state courts have already ruled, that's fairly clear. If the court doesn't agree with us- The state courts have ruled where in the Williams case? Is that what you're saying? No. In this case, on direct appeal, when the non-BESH version of the admissibility question was raised by Jack McMahon, the courts held, as Judge Shorten and I were discussing earlier, that it was admissible not only as to corrupt organizations, but also as to the murder and so on. That's the first position. The second is if the court disagrees that that was a ruling on this precise question, and I think we have admitted the precise question was not posed, although we think there's a spillover there, then the court could rule on the basis of state law, which we think is clear in light of the evidence here and in light of the clarity of state law. But if the court disagrees with that, then the third position is, of course, the court could, in ordering that the writ be issued on the sufficiency grounds, send it back, and as in McKeever and Dickerson, say, well, state court, rule on admissibility. If it's not admissible, then without the corrupt organization's charge, then have a hold of the trial. And if it is without the corrupt organization's, then just vacate the corrupt organization's. And then, of course, the fourth is our fallback position as to certification, which I think at this point appears the court isn't particularly interested in. Certification to whom? To the state court, simply. Are you prepared to wait a couple years? Well, exactly. If the court didn't wish to order the writ issued. But I think it does need, in addition, to be remanded simply because the district court did not rule on the rest of the questions. So aside from the ineffectiveness, which I think needs to be reversed, and the sufficiency, which I think needs to be granted, it does need to be moved on. I think we understand the position. Do you have any questions? Good morning, members of the panel. My name is Barnaby Quibbles. Together with Carol McHugh, we represent Theophilus Wilson. And you don't think Besh was bad law? No, I accept every decision of an appellate court when it's binding as good law, whether I agree with it or not. One thing I wanted to point out is that earlier, counsel and I were discussing the fact that when he looked at the quarter he found it didn't have all the volumes of testimony. This is pursuant to the court's order that the lower court record be transmitted to it. So he and I agreed that his office would scan them in and send them to the court as PDFs. So you'll have the entire court record, certainly all the testimony. I think my colleagues are unaware of my request. I requested that the and apparently there are problems, but you're trying to resolve them. Yeah, I think we resolved it because Mr. Goldsboro went and looked at the file, found that three volumes were not in it. They also need the file for some other reason connected with this proceeding. And so he and I agreed that he could take his set of notes, put them in PDF form and send them to the court. So you'll have them. And I think it will help the court. I thought it was a procedure that in every entire state trial record comes over. I mean, that's, that's what I always understood. It is the procedure. I can't tell from the record whether or not that actually happened. And then we're going to fix it. It's going to be fine. Thank you. First thing I wanted to say is that counsel's talked about the McKeever case as one example of the solution. And the key to what happened is that Mr. McKeever said, listen, I was entitled to an appeal on my, an issue relating to the pre-trial motion. I didn't get that. That's what I bargained for. I thought by pleading no, I preserved that issue. So in his habeas corpus relief, what he got with the case, it sends back to the court with the mandate saying, either give him a new trial or give him an appeal non-credit top or grant the habeas. So it's really not applicable in terms of the remedy here. Do you agree or disagree with your opponent's contention that when, when distilled to its essence, this case comes down to the question of whether the evidence that was initially offered to support the low RICO count is, is really admissible also with respect to conspiracy and murder? I agree that that is the central issue and I'll tell you why I think it is clearly settled under Pennsylvania law that is not admissible. Please remember that the evidence about the guns was about transactions that occurred promptly a year after the murders. That's between July and October of 1990. The murders are not August of 1989. At that point two of the defendants are in jail. Mr. Wilson tells Mr. Lee, who's his uncle, I need to get some weapons because some guys are messing with me. So Lee, who at that point is cooperating, then sets up some sham, attempted transactions with the ATM agent. That's the evidence that then comes back at the trial and is used by the Commonwealth to I didn't know about it. Well, but the Superior Court and the CCP Court, that did the initial review, seemed during the PCRA proceedings to look to that evidence and say things like, in fact, you, you were good enough to sort it at some point in the briefing, starting on page 41, for example, Judge Rinder saying one of the exceptions to the rule about the other crimes evidence is where the evidence is introduced to show common scheme, plan, or design. It goes on and says and criminal intent. And then there's a light duplication on page 43 with the Superior Court's decision, and 43 going over to 44, talks about among many legitimate purposes for the evidence that for which the evidence was admissible was evidence of the corrupt organizations was relevant. Excuse me. Among the many legitimate purposes for which the evidence was admissible, evidence of the corrupt organizations was relevant to establish motive for murder. Okay. Those are things that the state court said on review of the PCRA proceeding. Why is your opponent wrong when he says to us, look, that shows that the state court, the Commonwealth has actually already ruled that this would come in under these other bases? Well, because the ruling is done within the context of the Corrupt Organizations Act and the challenges to that and the evidence therein. You take away the Corrupt Organizations Act and you have a completely different issue. So if you read Judge Rinder's opinion and you read the Superior Court opinion, everything is done within the context and under the umbrella of the Corrupt Organizations Act. It's like saying in a baseball game, well, we're going to take away the ninth inning. Not going to count. So the result we have after eight innings is what is going to count. And you just can't do that. Mr. Whittle, I call your attention to the Pennsylvania Supreme Court decision in Commonwealth v. Williams. Yes. Where the precise issue was also before the court and the court says in Justice Castillo's writings that Chief Justice Madoff said, Abilene sets forth the evidence offered in his trial that would not have been admissible but for the PCOA charge, which is what's happening here. And then Justice Castillo, I don't want to repeat it because it's very long, very specifically goes through each of the items of evidence and says why they can be used to show the intent with respect to the murder. And my question to you is, which of those, I think he has seven, which of those is inapplicable to Williams, to Wilson? If I may preface, Williams is not Wilson, Wilson is not Williams. And the Commonwealth goes a great length in its briefings just to make that point. But it's the same evidence. Well, it may be the same evidence. Well, but which do you think, I mean, Justice Castillo says this is our reasoning and I want to know which of the reasoning there is not applicable to the client? The evidence about the guns, because that... Which number, do you remember which number that was? In the Williams case, I don't. Okay, I have it in front of me, go ahead. Where he talks about the evidence of the gun transactions as, and in Wilson's case, it's different than in Williams case. Don't forget that Williams is a leader of the conspiracy. That's number five, testimony from David Lee about illegal gun purchases made by Appley and co-defendant Wilson is what he says at page 23 of 936A, second. Now, even though it says co-defendant Wilson, we should assume that a different result might happen if it went back to the state. Don't you think the state trial court would feel bound by what the Supreme Court of Pennsylvania says? No, they feel bound as to Williams, but not as to Wilson. It's dictated to Wilson and it's really kind of in an artfully way of saying it because Wilson's case is not before them. They can't rule on how the evidence may or may not be prejudicial to Wilson. Don't forget... If not bound, how about strongly persuaded? I don't think so either and I'll tell you why. What Justice Castillo was talking about was the prejudice prompt. He said, we really don't see any prejudice here because we think it would have been admissible as against Wilson. The reason why it's different on Williams against Wilson is because the evidence is used to eviscerate his defense and it's evidence that takes place long after the murders and long after any conspiracy to murder is terminated. Well, of course, the other side would say, and I think at least a fair reading of Williams is that this may be viewed as, although it comes later in time, it's reflective of an ongoing criminal enterprise and therefore shows the conspiracy, shows the involvement of your client in an ongoing illegal set of activities, which is charged and which is not subject to the best case. Why is that not? Why is the Supreme Court of Pennsylvania wrong? Because I don't think they went to rule on whether or not the conspiracy to murder that Wilson was involved in, uh, was still ongoing. They were talking about Williams' conspiracy to commit murders, not just the ones that took place in August of 1989, but the ongoing activities that Williams was directing, which included, as the crowd court noted and instructed the jury that this was only against Williams and Bennett, was an ongoing series of murders, an ongoing series of luring drug dealers into this crap where they thought they were going to get weapons and they get murdered. How about this statement by Justice Castillo, where he says that the commonwealth was entitled to show the full scope and extent of the conspiracy charge, which is also applicable, of course, to Wilson, so that the individual crimes would be presented in a, would not be presented in a vacuum lacking context. Why isn't that as applicable to Wilson as it was to Williams? Well, because there they're alluding to, uh, being able to complete the story so the jury has a full understanding of the conspiracy. Doesn't the jury need to hear the whole story as to Wilson too? But not as to events that take place a year or more later, which are not connected with the conspiracy. Well, you've just put the rabbit back in the hat there when you say not connected with the conspiracy. I mean, that's the point, isn't it? The commonwealth says it is connected with the conspiracy and the Supreme Court of Pennsylvania and Williams seems to be indicating it is fairly considered part of the conspiracy. So why wouldn't we take what they say in Williams as being equally applicable to co-conspirator Wilson as it is to co-conspirator Williams? Because they're talking about the conspiracies that Williams is involved in that have various members to it. And then they're, what the commonwealth is trying to do is take an event that I argue is separate from the conspiracy, which is the purchase, the attempt to purchase weapons a year later by Wilson and says from that you can infer reasoning backwards that that's evidence that he's involved in the earlier conspiracy. So that's what it was used for is proof to confirm that his role in the earlier murders. So when we're talking about conspiracy, you're really talking about overlapping and underlapping conspiracies. Then one of the things I want to point out to the court, the commonwealth's main witnesses, man white, you know, the murderer and liar also testified against Bennett. Bennett was acquitted of all charges except the corrupt organizations because there weren't any tapes against him. As a trial lawyer, I can tell you, and you probably know, he can't cross examine tapes and the commonwealth had these tapes from the ATF that really sunk Wilson. That's the prejudice. And if you look at that, that's the prejudice. Aren't we supposed to, I mean, we're not concerned about prejudice. We're concerned about unfair prejudice, right? I mean, if the, if the court, if we accept the commonwealth's position that this fairly went to identity and there are, whether you agree with the reading or not, there's certainly language in the PCRA opinions as well as in the Williams opinion that indicates that the state court saw this as perhaps going to identity as well as motive. Why is, how is that somehow a bad thing from the law perspective? Obviously it's a bad thing from your client's perspective, but why is it a bad thing from the legal perspective to let evidence come in to rebut the specific position you were making at trial, which is I'm not the guy, I wasn't involved. Because the evidence was admissible under the umbrella of the Corrupt Organizations Act, but would not be admissible absent the Corrupt Organizations Act. Okay, then let me ask you this. In Williams, Justice Castile concludes, I'm quoting, there is not a reasonable probability that the trial court's failure to exclude this portion of Lee's testimony, the uncle, essentially caused Williams' murder, robbery, or conspiracy convictions. Therefore, he hasn't proven prejudice. My question to you is, is there any evidence other than that discussed in the Williams opinion that you claim was prejudicial to Wilson? There are other things cited in the brief, but that's the main thing is about the guns. If I may make one observation about the Williams opinion, I kept flipping back and forth because I thought it was actually the PCARA court opinion, because they seem to have jumped into a fact finding mode that I'm not sure was appropriate. Well, we're not going to say the Pennsylvania Supreme Court shouldn't have said what it said. Nor am I, I'm just making an observation as to got to that conclusion. So I'm not sure that Williams should be persuasive. Do you read the Supreme Court's decision in Williams as indicating that as to the murder, conspiracy, and robbery, that the other crimes evidence was admissible? As to Williams? Yes. And Williams only? Yes. Yes. It would have been, it would have been not admissible. I'm sorry, I need to correct myself. And if not admissible, was not so prejudicial as to warrant any other relief than vacating the PCLA conviction. All right. Stay with my question. Sure. The Supreme Court then upheld the conviction of Williams based on, among other things, on the other crimes evidence. For the murders and conspiracies? Yes. By finding that the Strickland standard was not met as to prejudice. It also went into the admissibility of the other crimes evidence, didn't it? And they said that it would probably be admissible as to Williams. Yes. And then the final order, they vacated the portion of the PCR's order dismissing Apelli's other claims. The other claims being murder, conspiracy, and robbery. Isn't that right? Right. Okay. But you also have Judge Schiller's opinion in which he makes findings of fact as to the prejudice that was caused by the admission of this evidence. And unlike what the Commonwealth says, he didn't just adopt Judge Manfredi's PCLA opinion. He made his own findings as to fact. As this court well knows, you can only overturn his findings of fact by finding clear error. And we really haven't talked about his opinion. I would ask the panel, of course, as I know it will, to reread that opinion and see what he found as facts. Because that's really what's before you, not what the court in Williams did or said, but what Judge Schiller did and said, and whether his findings of fact and conclusions of law are either clearly erroneous as to the facts or error as to the law since you review them de novo. Thank you. We take our eye off the ball when we lose sight of what we are really here appealing. Thank you. Thank you. If I might return to the question of whether the record was ordered, normally the district court initially orders the court of common pleas to send over the record. That did not occur in this case. So the district court did not have the state court transcripts before it at the time that it issued the record. Was there anything in the state court transcripts that weren't sent over that you think would have made a difference? I believe it all would have made a difference had the district court taken a look at what actually occurred at trial. Yes. So I believe that Judge Schiller did, in fact, just adopt Judge Manfredi's PCLA court opinion that's now been overturned in Williams. Are you saying that the district court did not look at the trial record? That is correct. The district court did not have... Is it required to under your Supreme Court decisions? Yes. We were surprised, of course, by the district court's issuance of this writ. We believe that at the time, this was more or less a clear case. And if the district court had any question and needed to see the record, that it would have ordered it as usual. Is there anything in the record that reflects that lack of ordering of the trial record by the district court? Well, simply the fact that in the normal habeas case, the district court, at the same time, it asks us to respond. And it brings us into the case it orders it. I don't think I made myself clear. I'm trying to ask whether in this record, you can point us in the record to something that would demonstrate that the district court failed to order the record in this case. What about the docket? The docket itself, both in the federal court and in the state court. The state court does not demonstrate that that record has ever been in this court and or in the federal court. Is that state court docket in the record? It is now being transported to this court, pursuant to this court's order on Thursday. But our docket, the Eastern District docket, would show that a request was made. That normally is the first thing, either the first or the second thing, along with our being ordered to answer. And that is not on the record in the district court's docket. In other words, there's no order that a court of sections court took forward, which there normally would be. So that's the first thing. Just as far as the admissibility question, if I might, might I address that? You're not asking my time, so I can't. Do you have anything more to ask? Uh, I guess I do not, Your Honor. Anything that we didn't ask? Go ahead, take a minute. Well, I simply wanted to point out that this, that it was the same kind of guns, illegal arms, assault weapons, and these submachine guns, which were used in the murder robbery, and which Christopher Williams tried to get from this, from Wilson's uncle, and which Wilson himself tried to get from the ATF agent. The exact same kind of guns as in the murder. And in addition, that under state law, the fact that the other crimes were subsequent, doesn't preclude their admission. It just goes to the practice from the value. I have one other question. When you say the district court didn't get the record of the trial, does that also include the magistrate judge? Did the magistrate judge have the record of the trial? No, Your Honor. The record of the trial was never ordered in this case. The attachments to our response were, I believe, the only indication of what occurred in the state court, and or the attachments in the memorandum of law submitted by the petitioner. In your experience, is that unusual? Yes. Mine too. And mine is 28 and a half years. Thank you. Thank you. Oh, and happy April 15th, Toledo. Tax day. It's off the eyes of mine. We will take a five minute recess and resume.